UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEVEN L. SNIDER, | ) | CASE NO. 5:12 CV 2079 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY TIBBALS, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner Steven L. Snider filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated in the Mansfield Correctional Institution, serving a sentence of thirteen years for one count of felonious assault and one count of domestic violence from the Stark County, Ohio Court of Common Pleas.

The Petitioner argues his convictions on charges of felonious assault and domestic violence subjected him to double jeopardy in violation of the Fifth Amendment of the United States Constitution. For the reasons explained below, Petitioner's claim is procedurally defaulted. The Court will accordingly deny the Writ.

**Background**

Petitioner and his mother, Pamela McGrady, shared a residence in 2008. *See State v. Snider*, No. 2008 CA 00147, 2009 WL 2008446, at *1 (Ohio App. 5 Dist. June 29, 2009). Ms. McGrady

testified at trial that she was reclining on her couch on the evening of March 24, 2008 when Petitioner came home drunk. *Id.* She indicated she walked down a few stairs to get to the door where Petitioner was located and upon entering, he pushed her down the basement stairs. *Id.* She claimed there was no railing on that set of stairs so she was unable to break her fall. She testified that Petitioner came down the stairs after her and began punching and choking her. *Id.* She suffered fractures to her ribs, neck, and eye socket, and lost consciousness. *Id.* She was still receiving treatment for her injuries when the criminal case against Petitioner came to trial in June 2008.

Petitioner took Ms. McGrady to the emergency room at Aultman Hospital in Canton, Ohio on March 25, 2008 at 9:00 a.m. *Id.* Ms. McGrady told hospital staff she had fallen down the stairs and informed the doctors that she had suffered from epilepsy since she was baby as a result of an automobile accident. *Id.* A nurse treating Ms. McGrady noted extensive bruising on her face, neck and chest and concluded her injuries were not consistent with a fall. She questioned Ms. McGrady when Petitioner was out of the room. Ms. McGrady then told the nurse she had been pushed down the stairs and beaten by the Petitioner. Canton City police were called and spoke to Ms. McGrady. She told the officers she was in a great deal of pain, that she had an argument with her son the previous evening and that he had punched her in the face and thrown her down the stairs. *Id.*

On April 29, 2008, the Stark County Grand Jury indicted Petitioner on one count of felonious assault and one count of domestic violence. *Id.* He entered a plea of not guilty at his arraignment on May 2, 2008.

A jury trial commenced on June 9, 2008. Prior to the start of the trial, both sides stipulated that Petitioner had two prior domestic violence convictions from 2003 and 2005. *Id.* Petitioner

testified at trial claiming he awoke on March 25, 2008 to hear his mother calling for assistance. He contends she told him she had hurt her head and had fallen down the basement stairs. He indicated he had removed the railing to have room to move the washer and dryer. He denied assaulting her. *Id.* at *3. He admitted on cross examination that he had been convicted of domestic violence against his mother on prior occasions. The jury returned a verdict on June 10, 2008, finding Petitioner guilty on both counts. He was sentenced on June 27, 2008 to an aggregate term of thirteen years incarceration.

## Procedural History

Petitioner filed a timely appeal to the Ohio Fifth District Court of Appeals. He asserted one ground for relief:

> The appellant's conviction for domestic violence in violation of R.C. 2919.25(A) and one count of felonious assault in violation of R.C. 2903.11(A)(1) were against the manifest weight and sufficiency of the evidence and were not proven beyond a reasonable doubt.

*Id.* at * 3. The Court of Appeals reviewed the entire record, weighed the evidence, and made all reasonable inferences. It concluded Petitioner's objections revolved around the credibility of the witnesses and found the Petitioner's testimony was not credible. The Court refused to overturn the decision of the trier of fact and affirmed the conviction on June 29, 2009. *See State of Ohio v. Snider*, No. 2008 CA 00147, 2009 WL 2008446 (Ohio App. 5 Dist. June 29, 2009).

Petitioner appealed that decision to the Ohio Supreme Court on July 23, 2009. He asserted one Proposition of Law:

> When the Appellant's convictions for one count domestic violence in violation of R.C. 2919.25(A) and one count of felonious assault in violation of R.C. 20903.11(a)(1) were against the manifest weight and sufficiency of the evidence and were not proven beyond a reasonable doubt. The Appellant is denied due process of law under

the U.S. Constitution.

*See State of Ohio v. Snider*, No. 09-1338 (Ohio Sup. Ct. filed July 23, 2009). Leave to file an appeal was denied and the appeal was dismissed on October 14, 2009. *Id.*

Thereafter, on April 12, 2010, Petitioner filed a Motion to Impose Lawful Sentence citing the trial court's failure to impose post release control. The court conducted a re-sentencing hearing through video conferencing on May 3, 2010, and denied the Motion as moot on May 5, 2010. A journal entry reflecting the new sentence with post release control was issued on May 6, 2010.

Petitioner, through counsel, filed a timely notice of appeal based on that hearing. *See State of Ohio v. Snider*, No. 2010 CA 00128, 2011 WL 684167 (Ohio App. 5 Dist Feb. 22, 2011). In this appeal, he asserted five assignments of error through counsel:

> 1. The Appellant was denied his right to trial by an impartial jury.
>
> 2. The Appellant was denied his right to effective assistance of counsel.
>
> 3. The Trial Court erred by permitting a non-expert witness to give an opinion outside the scope of [Ohio] Evid. R. 701.
>
> 4. The Trial Court erred in imposing consecutive sentences without making findings as required by R.C. 2929.14 (E)(4).
>
> 5. The Trial Court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence.

Petitioner also raised one assignment of error *pro se*:

> The trial court committed reversible and prejudicial error in failing to allow Appellant the constitutional right to proceed *pro se*.

Appellant argued that his sentence without post release control was void. He concluded that his appeal from the re-sentencing was therefore his first appeal of right. The Court of Appeals disagreed. Applying the Ohio Supreme Court's decision in *State v. Fisher*, 128 Ohio St. 3d. 92

(2010), the Court of Appeals indicated that the scope of an appeal from a re-sentencing hearing conducted to clarify the mandatory term of post release control was limited to the issues raised at the re-sentencing. *Res judicata* applies to all other aspects of the conviction and previous sentence. The court concluded that Petitioner could not raise additional arguments relating to his conviction on appeal from his re-sentencing, and affirmed the judgment of the Stark County Court of Common Pleas. *Id.*

Petitioner then filed a Motion for Re-sentencing in the trial court asserting that the two offenses of which he was found guilty were allied offenses of similar import. He argued that because they were allied offenses, he could only be sentenced on one of the offenses. The trial court disagreed with Petitioner and ruled the offenses of domestic violence and assault were not allied offenses of similar import as the Petitioner had a separate animus for each offense. The Motion was denied. (Pet. ECF No. 1-1 at 2.)

Petitioner filed an appeal of that decision to the Ohio Fifth District Court of Appeals. He asserted one assignment of error:

> The trial court erred when it denied Appellant's Motion for Re-sentencing when it found Appellant to have had a separate animus for the offenses of felonious assault and domestic violence.

(Pet. ECF No. 1-2 at 3.) The Court of Appeals held that Petitioner was challenging his original conviction and sentence and could have asserted this claim in his first appeal. (Pet. ECF No. 1-2 at 3.) The appeal was dismissed as barred by the doctrine of *res judicata*.

Petitioner filed an appeal of that decision to the Ohio Supreme Court on February 10, 2012. He asserted one Proposition of Law:

> Both the trial court and appellate court erred in denying Appellant's arguments that his offenses of domestic violence and felonious

-5-

>assault are allied offenses and that his consecutive sentences should
>have been merged for the purpose of sentencing in accordance with
>the holding of the Ohio Supreme Court in *State of Ohio v. Damron*,
>2011 WL 1900392.

The State of Ohio filed a Memorandum in Response in which the State asserted that Petitioner should have raised this argument in his first appeal, and was therefore barred by the doctrine of *res judicata* from asserting in a second appeal. The Ohio Supreme Court denied leave to appeal on May 9, 2012. *See State of Ohio v. Snider*, No. 2012-0259 (Ohio Sup. Ct. May 9, 2012).

## Habeas Petition

Petitioner filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on August 10, 2012. He asserts one ground for relief:

>The trial court erred when it denied Petitioner's Motion for Re-
>sentencing when it found Petitioner to have had a separate animus
>for the offenses of Felonious Assault and Domestic violence, in
>violation of the Double Jeopardy Clause of the U.S. Constitution.

(Pet. ECF No. 1 at 5). In support of his ground for relief he asserts that his convictions for felonious assault and domestic violence were supported by the same conduct. He contends the language in the Bill of Particulars for both offenses are identical and relied on the same evidence to convict him. He claims he was given separate sentences on each of these charges which subjected him to double jeopardy.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. The provision applies even in cases where the state courts summarily reject a claim or issue a ruling "unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 131 S.Ct. 770, 784–85 (2011). Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Williams*, 529 U.S. at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id*. "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

In addition, a federal court may not grant a Petition for a Writ of Habeas Corpus filed by a person in state custody unless "it appears that ... the applicant has exhausted the remedies available in the courts of the state...." 28 U.S.C. § 2254(b)(1)(A); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising

-8-

under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from one previously considered and rejected in state court. *Id*. This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

## Analysis

Petitioner's claim was not fairly presented to the state courts. He raised a claim concerning allied offenses of similar import first in the trial court, but asserted it as a violation of state law, *State v. Johnson*, 128 Ohio St. 3d 153 (2010) and Ohio Revised Code § 2941.25. Similarly, he asserted his claim as a violation of state law in the Ohio Court of Appeals and the Ohio Supreme Court. Now, in the Petition for a Writ of Habeas Corpus, he asserts for the first time that his conviction on both offenses subjected him to double jeopardy. To be considered to be "fairly presented," the claim he asserted in his habeas petition must be raised in the state courts under the same legal theory as it is raised in federal petition. It cannot rest on a new legal theory. *Wong*, 142 F.3d at 322. Although similar, the claim in this habeas petition is asserted as a violation of federal constitutional law. This is a different claim from the claims presented to the state courts, and therefore, the state courts were not given a full and fair opportunity to consider the federal constitutional claim. His claim that he was subjected to double jeopardy is unexhausted.

Generally, if a claim is unexhausted, the Court will dismiss the Petition without prejudice to allow the Petitioner to return to state court to pursue his available remedies. 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982). Where there are no remedies still available in state court to

assert the claim, and return to state court therefore would be futile, the Court may deem the claim procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, return to state court would be futile. The Court of Appeals determined that Petitioner's claim pertaining to his separate sentences on allied offenses of similar import could have and should have been raised in the direct appeal of his conviction. Because Petitioner did not raise claims in his direct appeal which challenged his sentencing on allied offenses, he was barred by the doctrine of *res judicata* from asserting the claim in a subsequent appeal. The claim was denied on procedural grounds. Although Petitioner presented his claim under a new legal theory in his Habeas Petition, the substance of the claim is still the same. The Ohio Court of Appeals has already ruled that the challenge to his sentence is barred by the doctrine of *res judicata.* The result would be the same if Plaintiff returned to the state courts and asserted the same challenge under a new legal theory.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must

ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials, attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir.2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995)(quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded the Petitioner from raising this claim in his first appeal of his conviction. He was represented by counsel on this appeal and the claim could have been asserted at that time. He does not indicate he was prevented from raising it on direct appeal, and therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the underlying convictions. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is

denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

  IT IS SO ORDERED.

               */s/Dan Aaron Polster   1/7/13*
               DAN AARON POLSTER
               UNITED STATES DISTRICT JUDGE